**THE HASSETT LAW FIRM, P.L.C.**
1221 East Osborn Road
Suite 200
Phoenix, Arizona 85014-5541
Fax (602) 264-6541
(602) 264-7474

Myles P. Hassett, No. 012176
mph@hassettlawfirm.com
Julie K. Moen, No. 024255
jkm@hassettlawfirm.com
Jamie A. Glasser, No. 029729
jamie@hassettlawfirm.com
*Attorneys for State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Wood, a married woman,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company, an Illinois insurance company; ABC Corporations I-V, XYZ Insurance Companies I-V; and Black and White Partnerships I-V,<br><br>Defendants. | NO.<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL** |

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this notice of removal to the United States District Court for the District of Arizona and states as follows:

1.      On January 23, 2015, this action was commenced against State Farm under the caption of *Allison Wood v. State Farm Mutual Automobile Insurance Company*, in the Superior Court of Arizona, County of Maricopa, Cause No. CV2015-090630. A copy of the civil cover sheet, summons, complaint, certificate on compulsory arbitration, and certificate of service by a private process server are attached as **Exhibit A.** State Farm was served with the summons and complaint by service upon the Arizona Department of Insurance on February 20, 2015.

2.      According to the Complaint, Plaintiff is an Arizona resident. Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation.

3.      This court has original jurisdiction over this civil action under 28 USC §§ 1332 and 1441 because the action is between citizens of different states. While State Farm disputes that Plaintiff would be entitled to the damages sought even if successful on her claims, the Complaint nonetheless seeks an amount in excess of this Court's $75,000 jurisdictional threshold. Plaintiff alleges tortious bad faith and breach-of-contract claims against State Farm arising out of a claim for underinsured motorist coverage, and seeks contract benefits, consequential damages, general damages, punitive damages, attorney's fees, and costs. *See* Complaint, pp. 6-7. Plaintiff carried $100,000 per person limits of underinsured motorist coverage under a State Farm policy (*See* Complaint ¶ 7) which she contends she is owed in its entirety. Specifically, in correspondence dated July 18, 2013 from Plaintiff's attorney to State Farm, Plaintiff contends she is owed the full $100,000 limit of underinsured motorist coverage.

The amount in controversy for purposes of establishing jurisdiction may include any specific amount of damages alleged as well as unliquidated damages claimed by the plaintiff. *See Burk v. Medical Savings Ins. Co.*, 348 F. Supp. 2d 1063, 1067 (D. Ariz. 2004). Additionally, a claim can include attorney's fees incurred to obtain contract benefits. *Id.* at 1068 and A.R.S. § 12-341.01. A claim for bad faith can also include damages for pain, humiliation, inconvenience, and pecuniary losses. *See Filasky*

*v. Preferred Risk Mut. Ins. Co.,* 152 Ariz. 591, 597-98, 734 P.2d 76, 82-83 (1987). Here, the categories of damages alleged by Plaintiff easily satisfy the amount in controversy in this case. Plaintiff claims she was denied benefits under a policy carrying $100,000 per person limits of underinsured motorist coverage with State Farm. In correspondence to State Farm dated July 18, 2013, Plaintiff demanded $100,000 for underinsured motorist benefits under the State Farm policy. Further, Plaintiff's claim for bad faith would be in addition to any damages awarded for her breach-of-contract/underinsured motorist benefits claims. Thus, the amount in controversy exceeds the jurisdictional requirement. *See* 28 U.S.C. §1441(b).

4. Written notice of the filing of this notice of removal will be given to all adverse parties as required by law and a true copy of this notice will be filed with the Clerk of the Superior Court of the State of Arizona for the County of Maricopa.

5. A notice of filing notice of removal was filed with the Maricopa County Superior Court in the original of the attached **Exhibit B.**

WHEREFORE, State Farm Mutual Automobile Insurance Company requests that this action be removed to this Court.

RESPECTFULLY SUBMITTED this 23rd day of March, 2015.

        THE HASSETT LAW FIRM, P.L.C.

        By: _s/Jamie A. Glasser_
           MYLES P. HASSETT
           JULIE K. MOEN
           JAMIE A. GLASSER
           *Attorneys for Attorneys for State Farm Mutual Automobile Insurance Company*

Original e-filed this 23rd day of
March, 2015 with:

Clerk of United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, Arizona 85003

Copy delivered by e-filing system this
23rd day of March, 2015, to:

Mark D. Bradshaw, Esq.
The Bradshaw Firm PLC
1013 South Stapley Drive
Mesa, Arizona 85204
*Attorney for Plaintiff*


  *s/Terry S. Montague*
80-0517/Notice – removal