**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Wood, | No. CV-15-00525-PHX-PGR |
| Plaintiff, | |
| vs. | ORDER |
| State Farm Mutual Automobile Insurance Company, et al., | |
| Defendants. | |

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removed this action on March 23, 2015 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441. The action was reassigned to the undersigned Judge on May 20, 2015. Having reviewed State Farm's Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that State Farm has not met its jurisdictional pleading burden to the extent that the Notice of Removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of either of the named parties.[1] In order to cure this

---

[1] The Court is not making any ruling at this time regarding the amount in controversy issue raised in the plaintiff's pending Motion to Remand. If it becomes necessary to do so, the Court will resolve that issue in due course.

1    jurisdictional deficiency, the Court will require State Farm to file an amended notice

2    of removal that properly and affirmatively alleges the citizenship of both named

3    parties. *See* 28 U.S.C. § 1653. State Farm is advised that its failure to timely comply

4    with this Order will result in the remand of this action without further notice for lack

5    of subject matter jurisdiction.

6            With regard to the plaintiff's citizenship, the Notice of Removal merely states

7    that "Plaintiff is an Arizona resident."  This is improper because an allegation of

8    residency is insufficient as a matter of law for purposes of establishing diversity of

9    citizenship jurisdiction. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct.

10   616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly

11   different things within the meaning of the Constitution and the laws defining and

12   regulating the jurisdiction of the ... courts of the United States; and that a mere

13   averment of residence in a particular state is not an averment of citizenship in that

14   state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265

15   F.3d 853, 857-58 (9th Cir. 2001) ("Pfizer's notice of removal ... state[s] that Plaintiffs

16   were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332,

17   speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of

18   citizenship was fatal to Defendants' assertion of diversity jurisdiction.")

19           With regard to it own citizenship, State Farm merely alleges that it "is an

20   Illinois corporation." This an insufficient allegation of corporate citizenship.  Since a

21   corporate party is a citizen of both the state by which it has been incorporated and

22   of the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), "an

23   allegation that a corporation is a citizen of a certain state (without more) is not an

24   allegation of fact, but a mere conclusion of law" that is inadequate to establish

25   diversity jurisdiction. Fifty Associates v. Prudential Insurance Co. of America, 446

26

1  F.2d 1187, 1190 (9th Cir. 1970).   Therefore,

2           IT IS ORDERED that defendant State Farm Mutual Automobile Insurance

3  Company shall file an amended notice of removal that properly states a jurisdictional

4  basis for this action no later than **May 27, 2015**.

5           DATED this 20th day of May, 2015.

6

7

Paul G. Rosenblatt
8  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26