**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allison Wood, | |
| Plaintiff, | No. CV-15-00525-PHX-PGR |
| vs. | ORDER |
| State Farm Mutual Automobile Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is plaintiff Allison Wood's Motion to Remand (Doc.6), wherein she argues that this action should be remanded to the Maricopa County Superior Court for lack of subject matter jurisdiction because the amount in controversy does not exceed the statutory jurisdictional threshold required for diversity of citizenship jurisdiction. Having considered the parties' memoranda in light of the relevant record, the Court finds that the Motion to Remand should be denied.

Background

The plaintiff commenced this action in the Maricopa County Superior Court on January 23, 2015. Defendant State Farm Mutual Automobile Insurance Company, the sole named defendant, removed this action on the basis of diversity of citizenship jurisdiction on March 23, 2015.

The plaintiff's claims arise out of an accident in which the plaintiff's vehicle was struck by a non-party's vehicle. The plaintiff settled her claims against the at-fault non-party for $30,000, which was the "per occurrence" limit of that person's automobile liability insurance policy. The plaintiff thereafter sought underinsured motorist benefits from the defendant, her automobile liability insurer, which the defendant has not paid. The complaint, which alleges claims for breach of contract, bad faith, and underinsured motorist benefits, seeks judgment, in relevant part, "for the full amount of underinsured motorist benefits[,]" for special and general damages and for punitive damages, and for attorneys' fees pursuant to A.R.S. § 12-341.01. Concomitantly with the complaint, the plaintiff filed a Certificate on Compulsory Arbitration wherein she stated that the largest award she was seeking, including punitive damages but excluding interest, attorneys' fees and costs, exceeded the amount set by the Maricopa County Superior Court's local rule for compulsory arbitration; that limit is $50,000. The plaintiff, through counsel, sent the defendant a settlement demand letter prior to the commencement of this action wherein she demanded the "Underinsured Motorists Limits."

On April 1, 2015, the same day she filed her Motion to Remand, the plaintiff sent the defendant an Offer of Judgment whereby she offered to allow judgment to be taken against the defendant "in the total amount of $ 75,000.00 and taxable costs incurred to date (it being understood that such taxable costs do not include attorneys' fees[;])" the next day she sent the defendant her First Amended Offer of Judgment wherein she stated that she would allow judgment to be taken against the defendant "in the total amount of $ 75,000.00." Both offers of judgment specifically stated that they were pursuant to Ariz.R.Civ.P. 68, and both were captioned as being filed in the Maricopa County Superior Court case notwithstanding that this action had

been removed approximately one month earlier.

Discussion

In an action such as this one where the complaint does not specify the amount of damages the plaintiff is seeking, removal is appropriate if the removing defendant proves by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold.

The amount in controversy includes the amount of damages in dispute, including punitive damages. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established the punitive damages are part of the amount in controversy in a civil action."); the plaintiff could potentially recover punitive damages here under Arizona law given her bad faith claim. See Filasky v. Preferred Risk Mutual Insurance Co., 734 P.2d 76, 83 (Ariz.1987) ("Punitive damages may be awarded in a bad faith insurance case.") The amount in controversy also includes reasonable attorneys' fees if such fees are allowed by the governing law. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir.1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); the plaintiff could potentially recover her attorneys' fees under Arizona law pursuant to A.R.S. § 12-341.01 since this is a contested action arising out of a contract. If it is not apparent from the face of the complaint that the amount in controversy is over $ 75,000, the Court may consider facts in the notice of removal, which in this case includes the defendant's statement, which the plaintiff has neither objected to nor controverted, that "Plaintiff carried $100,000 per person limits of underinsured motorist coverage under a State Farm policy which she contends she is owned in its entirety."

1    The Court concludes that the defendant has satisfied its burden of setting forth underlying facts sufficient to overcome the strong presumption against removal jurisdiction. The evidence relied upon by the defendant at the time of removal meets the preponderance of the evidence standard because (1) the plaintiff had asserted the value of her claim by sending the defendant a pre-suit demand letter in which she asked for the full amount of her policy's underinsured motorist benefits coverage, which is $100,000. *See* Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir.2002) (In determining whether the removal amount in controversy was met, the court stated that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); (2) the plaintiff reiterated this value by specifically stating in her state court complaint that she was seeking as damages the full amount of her underinsured motorist benefits; (3) the plaintiff stated in her complaint that she was additionally seeking punitive damages for her separate bad faith claim; and (4) she further stated in her complaint that she was seeking her attorneys' fees. These facts, taken in the aggregate, clearly show an amount in controversy of over $75,000.

   The Court is unpersuaded by the plaintiff's argument that the jurisdictional amount in controversy is not met here, and that remand is required by 28 U.S.C. § 1447(c), because she has "clearly and timely offered to settle for $75,000.00, period." While the Court is required to remand an action pursuant to § 1447(c) "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction[,]" the plaintiff's offer of judgment is not sufficient to divest the Court of jurisdiction. First, the plaintiff's post-removal attempt to reduce her total recovery below the jurisdictional minimum does not establish that removal was improper because "diversity jurisdiction is determined at the time the action

commences, and a federal court is not divested of jurisdiction if ... the amount in controversy drops below the minimum jurisdictional level[.]" <u>Hill v. Blind Industries and Services of Maryland</u>, 179 F.3d 754, 757 (9th Cir.1999); *accord*, <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 292 (1938) ("[If] the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces his claim below the requisite amount, this does not deprive the district court of jurisdiction. Events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.") (footnotes omitted).

Second, the plaintiff's offer of judgment is merely a post-removal offer to settle this matter for $75,000.[1] The offer does not establish, as the plaintiff seems to argue, that federal jurisdiction has now ceased to exist for § §1447(c) purposes because it does not establish that the plaintiff will not seek an amount greater than $75,000 if her settlement offer is not accepted. Therefore,

IT IS ORDERED that the plaintiff's Motion to Remand (Doc. 6) is denied.

DATED this 29th day of June, 2015.

Paul G. Rosenblatt
United States District Judge

---

[1] Since the offer of judgment was made post-removal, it was improperly captioned as being filed in the state court action, and was improperly based on Ariz.R.Civ.P. 68. Any offer of judgment made after removal is required to be made in this action and solely pursuant to Fed.R.Civ.P. 68, which only permits "a party defending against a claim" to make an offer of judgment. *See* Fed.R.Civ.P. 81(c)(1) (stating that "[t]hese [federal procedural] rules apply to a civil action after it is removed from a state court.")